IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY NUGENT,

       Petitioner,

v.                                                           Civil Action No. 5:16cv75

J. SAAD, Warden,

       Respondent.

## REPORT AND RECOMMENDATION

**I.**     **INTRODUCTION**

On June 1, 2016, the *pro se* Petitioner Anthony Nugent ("Petitioner") filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate who is housed at FCI Hazelton and is challenging the validity of his sentence imposed in the United States District Court for the District of Columbia. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

**II.**     **PROCEDURAL HISTORY[1]**

In a 115-count superseding indictment filed on October 23, 1991, Petitioner and many others were charged with participating in a large-scale drug conspiracy between May 1983 and March 1991.

---

[1] This information is taken from Petitioner's case in the United States District Court for the District of Columbia, No. 91-cr-00020-(TFH-1), which is available on PACER. In particular, because most of the documents are stored on microfiche, the undersigned has relied on the Government's Opposition to Defendant's Motion Pursuant to 28 U.S.C. § 2255. ECF No. 39. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.")

> [T]he evidence at trial established that [Kevin] Williams-Davis, Nugent, and [Darrell] Williams were the leaders of a large gang mostly made up of relatives and neighbors, the "R Street Crew".... [T]hese three used lieutenants who in turn paid others to sell drugs. The R Street Crew stored and packaged the drugs in sundry homes throughout the area. The gang would shift configuration slightly as various members were arrested and occasionally did time for drug offenses-including Nugent and Darrell Williams-but the basic structure held. In 1987 the group began selling cocaine, which Williams-Davis and Nugent obtained mostly from New York (a total of about 500 kilograms) and in part from California (about 150 kilograms). Defendant Alba Restrepo supplied cocaine to the group at its New York contact. Defendant Joyce Boyd helped Williams-Davis, her nephew, launder his hefty profits from the illegal drug sales. The group's activities included bloody and sometimes deadly clashes between rival drug-peddling gains. The R Street Crew came to the beginning of the end in 1990 after Jeffrey Williams (brother of Darrell) robbed a New York go-between, Claude Juggins, of his cocaine, prompting Juggins, caught between the R Street Crew and his Colombian suppliers (a rock and a hard place if ever there were) to turn FBI informant. The government was thereby able to tape and present to the jury telephone calls between Juggins and Williams-Davis, Nugent, and Restrepo.

*United States v. Williams-Davis*, 90 F.3d 490, 494 (D.C. Cir. 1996).

On July 21, 1992, after a trial that lasted approximately 5 months, Petitioner was convicted of conspiring to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846; being the principal administrator of a continuing criminal enterprise ("Super CCE"), in violation of 21 U.S.C. § 848 (b); second degree murder, in violation of D.C. Code § 22-2403; and several other counts. Petitioner was sentenced by the Honorable George H. Revercomb to a mandatory term of life imprisonment on the Super CCE count and to various sentences on the other charges. Petitioner's life sentence on the Super CCE count is not parole eligible.[2]

---

[2] Sentences imposed under the CCE statute are not eligible for parole. *See United States v. Edmond*, 52 F.3d 1080, 1106 (D. C. Cir. 1995); *United States v. Smith*, 859 F.2d 151 (4th Cir. 1988) (per curiam); *United States v. Erwin*, 793 F.2d 656, 668 (5th Cir. 1986); *United States v. Valenzuela*, 646 F.2d 352, 354 (9th Cir. 1980).

On September 21, 1992, Petitioner and his codefendants filed a motion for new trial based on several alleged instances of juror misconduct. The Court denied the motion. *United States v. Williams-Davis*, 821 F.Supp. 727 (D.D.C. 1993). Petitioner thereafter appealed his convictions, sentence and the denial of his new trial motion. The D. C. Circuit rejected all of his arguments. *United States v. Williams-Davis*, 90 F.3d 490 (D.C. Cir. 1996), *cert. denied*, 519 U.S. 1128 (1997).

Petitioner filed his first post-conviction motion under 28 U.S.C. 2255 on July 16, 1997. Petitioner's motion was denied on November 4, 1997. On June 25, 2001, Petitioner moved for leave to file a second or successive motion under 2255, claiming he was entitled to relief under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The D.C. Circuit denied Petitioner's motion. *In re Williams-Davis*, No. 03-3094, 2004 WL 98705, at *1 (D.C. Cir. Jan. 19, 2014) (per curiam).

On April 10, 2017, while his instant § 2241 petition was pending, the D.C. Cir. granted Petitioner's request to file a successive motion under  § 2255, finding that Petitioner "has made a prima facie showing that his claim relies on a new, previously unavailable rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." Order,  *In re Anthony T. Nugent*, No. 16-3118 (April 10, 2017). The D.C. Circuit "express[ed] no opinion as to the timeliness of [defendants] motion" *Id.*

In his successive § 2255 Motion, Petitioner argues that his life sentence has been rendered unconstitutional by the Supreme Court's decisions in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and *Graham v. Florida*, 560 U.S. 480 (2010), which apply retroactively on collateral review. *See Montgomery v. Louisiana,* 136 S.Ct. 718 (2016).

As of the entry of this Report and Recommendation, Petitioner's 2255 petition remains pending.

### III.  PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court, Petitioner cites, as he does in his pending § 2255 Motion, *Miller*, *Graham* and *Montgomery*.  Petitioner argues that he was 17 years old when he became involved with the drug trafficking trade. Moreover, he argues he was just 17 years old at the time of the CCE events. For relief, Petitioner asks this Court to vacate his sentence and resentence him to the appropriate sentence based upon his prison conduct and the rules recently announced in *Miller*. ECF No. 1 at 8.

### IV.  STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts (2014); *see also* Rule 1(b) Rules Governing § 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).  As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal.  The requirement of

liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241 and, therefore, no response is required of Respondent.

**V.     DISCUSSION**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the *execution* of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a § 2241 petition under the "savings clause" of § 2255:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit has set forth the following test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Here, Petitioner relies on the United States Supreme Court's decisions in *Miller, Graham* and *Montgomery* for relief from his sentence. In *Miller*, the Court held that the Eighth Amendment to the United States Constitution "forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller*, 132 S.Ct. at 2469. In *Graham*, the Court imposed a categorical sentencing restriction outside the realm of the death penalty. *Graham*, 560 U.S. at 82. In *Montgomery*, the Court held that *Miller* announced a new substantive rule of constitutional law that is retroactive to cases on collateral review. *Montgomery*, 136 S.Ct. at 736. Accordingly, as previously noted, the D.C. Circuit found that Petitioner had made a *prima facie* showing that his proposed motion presents a claims that the savings clause applies, and he has been granted permission to file a successive § 2255 in the sentencing court..

The undersigned recognizes that under 28 U.S.C. § 2255(f)(3), a petitioner has one year from the date the Supreme Court initially recognized a new rule to file a successive § 2255 motion. *See Dodd v. United States*, 545 U.S. 353, 359 (2005). Moreover, for purposes of 2255(f)(3), the limitations period begins on the date the right

was initially recognized by the Supreme Court, not the date on which the new right was made retroactive to cases on collateral review. *Dodd*, 545 U.S. at 357. Therefore, because *Miller* was decided on June 25, 2012, it is quite likely that the D.C. District court may dismiss Petitioner's pending § 2255 motion as untimely.  Accordingly, Petitioner might argue that this Court should stay his § 2241 pending the outcome of his § 2255 motion. However, the undersigned believes the same would be inappropriate because this Court lacks jurisdiction to consider Petitioner's attack on his sentence.

The Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[3]  *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences.  See *United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 334-34); see also *Rouse v. Wilson*, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); *Farrow v. Revell*, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); *Darden v. Stephens*, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

None of the cases relied upon by Petitioner decriminalize the conduct for which he was convicted, and therefore, under Fourth Circuit precedent, he is unable to satisfy

---

[3] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 623 (1998).

the second prong of § 2255's savings clause to seek relief under § 2241.[4]  Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction.  *Rice*, 617 F.3d at 807.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgement of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

---

[4] The undersigned acknowledges that two circuits have held that the savings clause is applicable to challenges to allegedly unlawful sentences. See Hill v. Masters, 836 F.3d 591, 596 (6th Cir. 2016) (concluding that the savings clause permits § 2241 cases challenging fundamental sentencing errors, including sentences above a statutory maximum or mandatory guideline range) and Brown v, Caraway, 719 F.3d 583, 588 (7th Cir. 2013) (same). However, the United States Supreme Court has yet to issue a decision that would support the opinions reached by those circuits.  Therefore, this Court should continue to follow Fourth Circuit precedent as outlined above.  Moreover, to the extent that Petitioner relies on the decision by the Fourth Circuit to rehear *Surratt* as demonstrating its intent to expand their interpretation of the savings clause, the same is misplaced. *Surratt* was dismissed as moot after his sentence was commuted. *See* Case # 14-6851, Docket Number 138 (4th Cir. Apr. 21, 2017).Furthermore, although a petition for writ of certiorari has been filed, the United States Supreme Court has yet to grant the petition, let alone render a decision on the merits of the questions presented. *See* No. 17-5255.

This Report and Recommendation completes the referral from the District Court. The Clerk of Court is **DIRECTED** to terminate the Magistrate Judge association with this case. The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.  Upon entry of this Report and Recommendation, the Clerk of the Court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED:  December 19, 2017

*/s/ James E. Seibert*
JAMES E. SEIBERT
U.S. MAGISTRATE JUDGE