IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY NUGENT,

    Petitioner,

v.                               Civil Action No. 5:16CV75
                                        (STAMP)

J. SAAD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I.  Procedural History

The pro se[1] petitioner is a federal inmate who is housed at FCI Hazelton. The petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 1. In the petition, the petitioner argues that his life sentence, imposed shortly after he turned eighteen, violates the Constitution. ECF No. 1 at 5. Petitioner contends that under Miller v. Alabama, 567 U.S. 460 (2012), those under the age of eighteen may not be sentenced to mandatory life without parole. ECF No. 1-1 at 1. Petitioner contends that, although sentenced after turning eighteen, the underlying crimes were committed while he was only seventeen. ECF No. 1-1 at 2. Petitioner contends that a motion under 28 U.S.C. § 2255 would be inadequate or ineffective because he filed his

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

first § 2255 petition prior to Miller and Montgomery v. Louisiana, 136 S. Ct. 718 (2016), which held Miller to be retroactive. ECF Nos. 1 at 16, 1-1 at 1.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge James E. Seibert. The magistrate judge entered a report and recommendation on December 19, 2017. ECF No. 14. In that recommendation, the magistrate judge recommended that the petition be denied and dismissed without prejudice. ECF No. 14 at 8. The magistrate judge found that the petition challenges the validity of the petitioner's sentence, and as such is improperly brought as a petition under § 2241. ECF No. 14 at 5. The magistrate judge found that the savings clause of § 2255 does not extend to challenges to a petitioner's sentence. ECF No. 14 at 7. Thus, the magistrate judge found that this Court must dismiss the petition for lack of jurisdiction. ECF No. 14 at 8.

The petitioner timely filed objections. Petitioner brings to the Court's attention United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), which, at the time of the petitioner's objections, was pending before the United States Court of Appeals for the Fourth Circuit. ECF No. 16 at 2. Petitioner asks this Court to stay this case pending the outcome of Wheeler. ECF No. 16 at 3.

After filing his objections, the petitioner also filed a motion to take notice of Lester v. Flourney, No. 13-6956 (ECF No.

2

17), a motion to appoint counsel in light of the ruling in Wheeler (ECF No. 18), and a motion to take notice of Wheeler (ECF No. 19).

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Because the petitioner filed objections to the report and recommendation, this Court reviews the magistrate judge's recommendation de novo as to those findings to which objections were made. For the reasons stated below, this Court adopts and affirms the report and recommendation of the magistrate judge (ECF No. 14), overrules the petitioner's objections (ECF No. 16), and dismisses the petition (ECF No. 1) without prejudice.

In his objections, the petitioner "specifically objects to the Magistrate's position that he cannot meet the second prong" stating that he "object[s] only to the Magistrate's report that the Court lacks jurisdiction." ECF No. 16 at 1. Petitioner then proceeds by

specifically citing to "the case currently pending in the Fourth Circuit, United States v. Wheeler, No. 16- 6073." ECF No. 16 at 2. Petitioner states that "what must occur in this case, should this Court not grant Nugent's § 2241, and order his immediate release, it should hold the case pending the outcome of Wheeler." ECF No. 16 at 3.

Upon de novo review, this Court is of the opinion that the magistrate judge's report and recommendation should be adopted and affirmed in its entirety and the petitioner's objections should be overruled in that the magistrate judge correctly found that where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807. However, this Court notes that soon after filing his objections, the petitioner filed various motions which request that this Court take notice of several cases and raises additional argument under Wheeler and "Lester v. Flourney, No. 13-6956, in the Fourth Circuit". ECF No. 18, ECF No. 17 at 1, ECF No. 19.

Upon review of the petitioner's post-objection motions, this Court finds that it is appropriate to grant the petitioner's requests to take notice of the various cases by permitting the petitioner to re-file his petition and assert an amended and comprehensive argument. This Court finds that at the time the

4

magistrate judge's report and recommendation was entered, it was accurate and fully considered petitioner's arguments based on settled precedent. However, to the extent that the Fourth Circuit has since changed the savings clause and the petitioner is supplementing his earlier arguments with pending cases and requests that the outcome of these cases may impact his instant petition, this Court permits the petitioner to re-file his petition in order to assert appropriate argument under Wheeler with the appropriate case law and citations in support once the pending issues are ultimately resolved.

## IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 14) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's objections (ECF No. 16) are OVERRULED. The petitioner's post-objection motions (ECF Nos. 17, 18, and 19) are DENIED AS MOOT.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 28, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE